## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:08-CV-025-R

**MICHAEL C. DUMAS**                                                                                   **PLAINTIFF**

v.

**MATT HILBRECHT,**
**Individually and in his official capacity as**
**Detective for the Marshall County Sheriff's Office, et al.**                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The Plaintiff, Michael C. Dumas, has filed a civil action against Defendants Matt Hilbrecht, individually and in his official capacity as Detective for the Marshall County Sheriff's Office, Kevin Byars, in his official capacity as Marshall County Sheriff, and Jack Conway, in his official capacity as Attorney General for the Commonwealth of Kentucky. For the reasons that follow, the Court believes Plaintiff's complaint should be stayed.

### BACKGROUND

On April 25, 2007, Defendant Hilbrecht searched Plaintiff's home pursuant to a search warrant supported by Hilbrecht's affidavit. The affidavit states that Plaintiff had been issued a camera phone as part of his employment with River Marine Electronics in Paducah, Kentucky. After Plaintiff was terminated, he returned the phone to his employer. His employer observed a photo on the phone of a young girl, who appeared to be between the ages of six and eight, wearing "adult type lingerie," specifically, a garter belt, panty hose, lace panties, and what appeared to be a brassiere. Defendant Hilibrecht stated that in the photo, the girl's upper thighs and midriff were exposed and she was posed in a provocative manner. The photo was emailed to Defendant Hilibrecht by Detective David Shepherd of the McCracken County Sheriff's

Department.

As a result of the evidence seized during the search, Plaintiff was arrested and later indicted for 124 counts related to child pornography. Plaintiff is currently awaiting trial in Marshall County, Kentucky.

## SUMMARY OF CLAIMS

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He claims that Defendant Hilbrecht violated his Fourth and Fourteenth Amendment rights when he searched Plaintiff's home and arrested him. Plaintiff also challenges the constitutionality of provisions contained in Kentucky Revised Statutes ("KRS") 531.340 and KRS 531, et seq., asserting that they are vague, over-broad, over-inclusive, open to abuse by government officials, and therefore violate his First and Fourteenth Amendment rights. Finally, Plaintiff claims that Defendants Byars and Miller failed to adequately train Defendant Hilbrecht. Plaintiff requests compensation and an order striking down the provisions of KRS 531.340 and 531.335 as unconstitutional.

## DISCUSSION

"[T]he principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In *Younger v. Harris*, the Supreme Court held that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Id.* When a plaintiff files a civil case in federal court, the court "should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to

raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir.1997) (citing *Mann v. Colin*, 22 F.3d 100, 105 (6th Cir. 1994)).

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating. The Court believes that the state proceedings will afford Plaintiff an adequate opportunity to raise his constitutional claims. However, because this issue has not been addressed by the parties, Plaintiff shall have twenty days from the date of this order to file a brief explaining why the Court should not stay this matter. Defendants shall have ten days to respond, and Plaintiff shall have ten days to reply.

If Plaintiff does not file a motion within the time limits set by the Court, the Court shall stay Plaintiff's Complaint. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (holding that when a plaintiff is seeking damages and application of *Younger* abstention is proper, the district court should stay, not dismiss the complaint); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir.1995) (holding that when application of *Younger* abstention is proper, and the plaintiff is seeking money damages and equitable relief, the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall have twenty days from the date of this order to file a brief explaining why the Court should not stay this matter. Defendants shall have ten days to respond, and Plaintiff shall have ten days to reply. If Plaintiff does not file a brief within the time limit set by the Court, the Court shall stay Plaintiff's complaint.