# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CV-00025-R

**MICHAEL C. DUMAS**                                                                                      **PLAINTIFF**

v.

**MATT HILBRECHT,**
**Individually and in his official capacity as**
**Detective for the Marshall County Sheriff's Office, et al.**                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court upon Defendants' Motion for Summary Judgment (DN 18). Plaintiff has responded (DN 19) and Defendants have replied (DN 20). This motion is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

This action arises from Plaintiff Michael C. Dumas's § 1983 civil action against Defendants Matt Hilbrecht, individually and in his official capacity as detective for the Marshall County Sheriff's Office, and Kevin Byars, in his official capacity as Marshall County Sheriff. He claims that Hilbrecht violated his rights under the Fourth and Fourteenth Amendment when he searched Dumas's home and arrested him. Dumas also challenges the constitutionality of provisions contained in Kentucky's criminal code, KRS § 531.340 and KRS § 531, *et seq.*, asserting that they are vague, over-broad, over-inclusive, open to abuse by government officials, and therefore violate his constitutional rights. Finally, Dumas claims that Byars failed to adequately train Hilbrecht and other officers. He requests monetary damages and an order striking down the statutes as unconstitutional.

The facts are undisputed and as follows. On April 25, 2007, the Marshall County Sheriff's Department searched Dumas's residence pursuant to a search warrant supported by Hilbrecht's affidavit. The affidavit set out that previously, Dumas had been issued a camera phone as part of his employment with River Marine Electronics in Paducah, Kentucky. After he was terminated, he returned the phone to his employer. His supervisor observed a photograph on the phone of a young girl, who appeared to be between the ages of six and eight, wearing "adult type lingerie," specifically, a garter belt, panty hose, lace panties, and what appeared to be a brassiere. This photograph served as the sole basis for the warrant. As a result of the evidence seized during the search, Dumas was arrested and later indicted for 124 criminal counts related to child pornography.

While awaiting trial in Marshall County, Kentucky, Dumas filed this civil action against Defendants.[1] This motion for summary judgment was filed on July 7, 2008. However, rather than ruling on the merits of the motion, this Court entered an order staying the matter until after the criminal case was adjudicated. DN 24 at 3.

On June 12, 2009, a new indictment against Dumas was entered and issued charges on four counts of Distributing Matter Portraying Sexual Performance by a Minor (KRS § 531.340) and three counts of Possession of Matter Portraying Sexual Performance by a Minor (KRS § 531.335). DN 30-3 at 1-2. Following a two-day trial, Dumas was convicted on all seven counts, and on May 17, 2010, he was sentenced to a maximum term of 20 years in prison. DN 30-4 at 1.

---

[1] Besides Defendants Hilbrecht and Byars, Dumas also originally filed included Judge Executive Mike Miller of Marshall County and Attorney General of Kentucky Jack Conway. Agreed orders to dismiss were entered with regard to Miller and Conway on June 11 and November 6, 2008, respectively. DN 17 at 1; DN 22 at 1.

On May 26, 2010, the order issued by this Court staying the previous civil suit was vacated.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

While both Dumas and Defendants urge the Court to consider the merits of his allegations and whether the warrant for the search of his residence was supported by probable

3

cause, such an examination is unnecessary. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court examined when a prisoner may bring an action under § 1983 attacking his underlying conviction. There, a prisoner, convicted for manslaughter under Indiana law, had pursued an action for malicious prosecution under § 1983 against a number of individuals involved with his criminal case, even though his conviction had yet to be upheld by the state's supreme court. *Id*. at 478-80. Justice Scalia, writing for the majority, stated the following:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted).

*Heck* would seem to directly control the instant action. Other courts have found, and this Court agrees, that where a prisoner has sought to attack the validity of a warrant or a search by law enforcement officials, *Heck* bars such action absent a favorable ruling in state court or the determination that the civil claims do not undermine the conviction. *See e.g., Johnson v. Arndt*, 124 F. App'x 514, 515 (9th Cir. 2005); *Kelley v. Ritter*, No. 1:08-cv-231, WL 3065146, *5-6 (E.D. Tenn. Sept. 21, 2009); *Newton v. Ky. State Police*, No. 3:06-cv-42, 2009 WL 648989, at *4 (E.D. Ky. Mar. 11, 2009). The claims within Dumas's complaint seek to undermine either the

4

search upon his residence or the constitutionality of Kentucky's statutes outlawing child pornography. Since Dumas focuses on the lone basis for the search warrant and the admissibility of the overwhelming majority of the evidence used against him during his criminal trial, the Court is incapable of divorcing the instant theories of recovery from its belief that they are merely a means of collateral attack on his criminal conviction. Nor has Dumas demonstrated that a state appellate-level court has revisited, overturned, or even affirmed his conviction; indeed, the record of the trial court indicates that the Kentucky Supreme Court is still considering the matter. Given these findings, and this unambiguous precedent, the Court must dismiss this matter with prejudice.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants' Motion for Summary Judgement (Dn 18) is GRANTED. An appropriate order shall issue.